FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2011 APR 21  P 4: 41

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| FARID SAYYAD,<br><br>    Plaintiff<br><br>v.<br><br>REES BROOME, P.C.,<br><br>    Defendant | Civil Action No. 1:11 CV 439 LMB/JFA |

## COMPLAINT

Plaintiff Farid Sayyad ("Sayyad"), by his undersigned counsel, brings this action against Defendant Rees Broome, P.C., and for his complaint in this action states as follows:

1.    This Court has jurisdiction of this case under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2.    Plaintiff Sayyad (an individual) resides as 16910 Aspen Leaf Court in Bowie, Maryland ("Aspen Leaf Court property"), as he did at the time of Defendant's actions as alleged herein.

3.    Defendant is a corporation which purports to operate as a law firm with its principal office at 8133 Leesburg Pike, Ninth Floor, in Vienna, Virginia, and has brought hundreds of legal actions in the Maryland and Virginia courts to collect debts allegedly due from homeowners to "community associations" for dues owed by those individuals to the community associations for property occupied by those individuals as their residences.

4. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another by consumers to pay money arising out of transactions in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purposes.

5. Defendant regularly uses the mails and other instrumentalities of interstate commerce in its collection of or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

6. On or about April 21, 2010, Defendant (through its agent Hillary Anne Collins, Esq., an employee) filed a legal action against Sayyad in the District Court of Maryland for Prince George's County ("P.G. District Court"), and a true and correct copy of portions of that filing are attached hereto as Exhibit A.

7. The complaint filed on April 21, 2010 had attached to it an affidavit by Nancy Kehne ("Kehne affidavit"), and that document is included in Exhibit A attached hereto.

8. The complaint sought recovery what it contends are homeowner's association dues to the Longleaf Homeowners Association, Inc. ("Longleaf") for the Aspen Leaf Court property, which has been occupied by Sayyad as his residence from December, 2003 until the present.

9. A true and correct copy of the docket sheet for the action that Defendant commenced through its filing of the complaint against Sayyad is attached hereto as Exhibit B.

10. As shown on the docket sheet attached hereto as Exhibit B, the P.G. District Court held a trial on November 30, 2010 in the action that Defendant had filed against Sayyad, and that Court's judgment following trial is reflected on the docket sheet.

## COUNT I
## 15 U.S.C. § 1692e

11. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 10 as if the same were fully set forth herein.

12. The Kehne affidavit states that Sayyad had defaulted in payment of monthly assessments for homeowners association dues to Longleaf for the Aspen Leaf Court property.

13. This statement that Sayyad was in default was false because Sayyad had never received bills for the allegedly delinquent homeowners association dues to Longleaf, and Sayyad could not have been in default for failing to pay what was not billed.

14. Instead, the bills for the dues were sent to an address other than that at which Sayyad lived (even though Kehne knew that the address to which the bills were sent was not the proper address), and thus he never received them.

15. The Kehne affidavit is on the face of the complaint incorporated into and made a part of the complaint.

## COUNT II
## 15 U.S.C. § 1692e(2)(A)

16. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 15 as if the same were fully set forth herein.

17. Both the complaint and the Kehne affidavit state that Sayyad owed the sum of $1922.72 to Longleaf for unpaid homeowners association dues and late fees for the Aspen Leaf Court property.

18. The statement that Sayyad owed $1,922.72 for unpaid homeowners association dues and late fees was false because Sayyad did not owe them since he had never been billed for the homeowners association dues.

19. The statement that Sayyad owed $1,922.72 for unpaid homeowners association dues was also false because, as the P.G. District Court found after trial on November 30, 2010, Sayyad only owed the sum of $1,750.45 for unpaid homeowners association dues and late fees.

COUNT III
15 U.S.C. § 1692e(2)(A)

20. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 19 as if the same were fully set forth herein.

21. Both the complaint and the Kehne affidavit state that Sayyad owed the sum of $160.28 to Longleaf for accrued interest on unpaid homeowners association dues for the Aspen Leaf Court property.

22. In fact this statement that Sayyad owed $160.28 accrued interest was false because, as the P.G. District Court found after trial on November 30, 2010, the amount owed by Sayyad for interest was only $101.96.

COUNT IV
15 U.S.C. § 1692e

23. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 22 as if the same were fully set forth herein.

24. The Kehne affidavit attached to the complaint filed by Defendant and made a part of that complaint states in paragraph 2 that a true, accurate and genuine copy of the deed by which Sayyad purchased the Aspen Leaf Court property was attached as Exhibit A to the complaint.

25. The statement that a copy of the deed for the Aspen Leaf Court property was attached to the complaint was false because Defendant failed to attach a copy of the deed for the Aspen Leaf Court property either to the Kehne affidavit or to the complaint.

26. Instead, the deed attached to the Kehne affidavit was for 1018 Kings Tree Court in Mitchellville, Maryland.

## COUNT V
## 15 U.S.C. § 1692e(2)(B)

27. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 26 as if the same were fully set forth herein.

28. The Kehne affidavit and the complaint that Defendant filed against Sayyad assert that Sayyad owed $795.00 in attorney's fees for Defendant's services and expenses.

29. In fact the statement that Sayyad owed $795.00 in attorney's fees was false because, as the P.G. District Court found after trial on November 30, 2010, Sayyad only owed $275.00 in attorney's fees.

## COUNT VI
## 15 U.S.C. § 1692e(2)(A)

30. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 29 as if the same were fully set forth herein.

31. The complaint that Defendant filed against Sayyad states that Sayyad owed a "private processor fee" of $80.00.

32. The Kehne affidavit states that Sayyad owed costs of $100.00.

33. As shown by the judgment of the P.G. District Court, these statements were false.

34. In fact, the P.G. District Court refused to allow recovery in the amounts claimed and allowed recovery of only $20.00 for costs instead of the amounts that Defendant asserted were due.

## COUNT VII
## 15 U.S.C. § 1692e(2)(A)

35. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 34 as if the same were fully set forth herein.

36. The Kehne affidavit states that the "total due" from Sayyad was $2,978.00, which is the sum of $1,922.72 for assessments and late fees, $795.00 for attorney's fees, $100.00 for costs, and $160.28 for accrued interest as claimed in the affidavit.

37. In fact, as alleged in prior counts, Sayyad did not owe $1,922.72 for assessments and late fees, $795.00 for attorney's fees, $100.00 for costs, or $160.28 for accrued interest as claimed in the affidavit.

38. Since Sayyad did not owe the amounts that the Kehne affidavit asserted were due for assessments and late fees, attorney's fees, costs, and accrued interest, the statement that the "total due" from Sayyad was $2,978.00 was necessarily false because it was based on the amounts that the Kehne affidavit asserted were due for assessments and late fees, attorney's fees, costs, and accrued interest.

WHEREFORE, Plaintiff prays for damages in the amount of $25,000.00 (twenty five thousand dollars), including actual and statutory damages, plus his reasonable attorney's fees incurred in this action, together with pre-judgment interest and the costs of this action.

FARID SAYYAD
By Counsel

*Ernest P. Francis*

Ernest P. Francis
VSB#27276
ERNEST P. FRANCIS, LTD.
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
(703) 683-5696
Fax (703) 683-2785

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable of right by a jury.

*Ernest P. Francis*

Ernest P. Francis